## Lucy Pendleton's Admr. *v.* James L. Lawson et al.

**Ante-Nuptial Contract.**

The written consent of the husband to the use of the wife's property, made at the date of marriage, and attached to and recorded with the wife's will, held to be an ante-nuptial contract.

**Contract Between Husband and Wife—Use of Wife's Property—Express Contract.**

Under a written agreement between husband and wife, that she retained the right to hire out her personal property or keep same as she may think proper, should she decide to keep same for the family use, the law will imply no contract on the part of the husband to pay hire during their joint lives.

**Same—Use of Property by Husband After Wife's death.**

The retention and use of the personal property of the wife, by the husband, after her death, will imply a promise to make a reasonable compensation therefor.

APPEAL FROM TODD CIRCUIT COURT.

December 4, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The written consent of John Pendleton, dated October 3, 1844, attached to Lucy Miller's will, both of which were made in contemplation of their intended marriage, were properly regarded by this court as an ante-nuptial contract, these being put to record at their date.

By this writing she retained the right *"to hire out her negroes or keep them as she may think proper"*; if she chose to keep them for her own or the families use, it was as much the exercise of her legitimate power as to hire them out, but if she chose to retain them for such purpose, the law would imply no contract on the part of the husband to pay hire during their joint lives, his responsibility therefor could only be fixed by an express contract, which is not even set up by the plaintiff, nor established by the evidence. But as the husband retained said slaves after the wife's death, and when they became the property of her estate and heirs the law would imply a promise to make reasonable compensation therefor; therefore, his estate should be held responsible for all reasonable hire not barred by lapse of time, and as to this, the judgment is erroneous and is therefore reversed with directions for further proceedings consistent herewith.

*Kennedy, Lindsey, Bullock and Davis, for appellant.*

*Feland & Evans, Petrie, for appellees.*